**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dillman,<br><br>            Plaintiff,<br><br>v.<br><br>Mesa, City of, et al.,<br><br>           Defendants. | No. CV-13-02161-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for leave to amend his complaint pursuant to add Officer Donald Williams and Jane Doe Williams, husband and wife, as Defendants. Doc. 17. The motion has been fully briefed, and no party has requested oral argument. Docs. 18, 19. For the reasons stated below, the motion will be denied.

**I.  Background.**

Plaintiff brought suit against the City of Mesa for allegations arising out of a traffic stop on November 26, 2012. Doc. 1, ¶ 7. Plaintiff alleges that Mesa Police Officer McClellan forcibly pulled him out of his car, slammed him against the car, applied handcuffs that were too tight, and pushed him into the passenger seat, injuring his handcuffed wrists. *Id*., ¶ 8. While deposing Officer McClellan, Plaintiff learned that it was actually Officer Williams who stopped him, applied the handcuffs, and threw him into the back seat of the car, allegedly at the direction of Officer McClellan.

**II.  Legal Standard.**

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when

justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The liberal policy in favor of amendments, however, is subject to some limitations. Motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Id*. at 182.

**II.    Analysis.**

Defendants urge the Court to deny the motion to amend because allowing Plaintiff to add Officer Williams would violate Arizona's notice of claim statute, which requires that a plaintiff give notice of a claim against a public employee within 180 days of the date of accrual. Doc. 18 at 2 (citing A.R.S. § 12-821.01). Defendants argue that Plaintiffs' claims accrued on November 26, 2012, the date of the traffic stop. Doc. 18 at 3. Defendants also contend that Plaintiff knew there were two officers involved in the stop, but chose to name only one, and that Plaintiff failed to inquire about the names of both officers. *Id*. at 4-5. Defendants argue that the proposed amendment would be futile because any claim against Officer Williams is barred by failure to give notice.

Plaintiff argues that he contacted the City of Mesa to inquire about the name of the arresting officer and was given Officer McClellan's name, but not Officer Williams' name. Doc. 19 at 1. He argues that he was led to believe that he had appropriately named the officer who caused his injuries.

Arizona's notice of claim statute requires that notice be provided to public employees within 180 days after a cause of action accrues. A.R.S. § 12-821.01(A). A cause of action accrues "when the damaged parties realized he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). This knowledge includes the identity of the defendants, as courts have held that "knowledge of the identity of the defendant is a critical element in determining when a cause of action

accrues." *Lawhon v. L.B.J. Inst. Supply, Inc.*, 765 P.2d 1003, 1005 (Ariz. Ct. App. 1988).

Plaintiff does not argue, however, that his claim did not accrue until he learned the identity of Officer Williams. For this and other reasons, it is not clear when the claim against Officer Williams accrued.

But even if the cause of action did not accrue until Plaintiff discovered the identity of Officer Williams during a deposition, that discovery would merely shift the date of accrual of the cause of action. It would not excuse Plaintiff from complying with the notice of claim statute, which is mandatory under Arizona law. *Travis Scott v. Wenden Domestic Water Imp. Dist.*, CV13-01667-PHX-DGC, 2013 WL 5670920, *1 (D. Ariz. Oct. 17, 2013) (citing *Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490 (Ariz. 2007)).

Plaintiff has submitted no evidence that he has complied with the notice of claim statute for Officer Williams. Because Plaintiff cannot assert a claim against Officer Williams without complying with the statute, his amendment would be futile.

**IT IS ORDERED** that Plaintiff's motion to amend (Doc. 17) is **denied**.

Dated this 10th day of July, 2014.

_____
David G. Campbell
United States District Judge